IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRINCESS AMINA SALVADOR,
　　　　Plaintiff,

vs.                                                    Case No.: 3:18cv31/RV/EMT

SHANE MCKENDRICK,
　　　　Defendant.
_____/

## REPORT AND RECOMMENDATION

　　　　Plaintiff, an inmate of the Baker County Jail proceeding pro se, initiated this

civil action by filing a complaint and a motion to proceed in forma pauperis (ECF

Nos. 1, 2).  Plaintiff names Shane McKendrick, an employee of the British Embassy

in Miami, Florida, as the sole Defendant (*id.* at 1, 4).  Upon review of the complaint,

it is apparent that venue is not proper in the Northern District.

　　　　Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides:

A civil action wherein jurisdiction is not founded solely on diversity of
citizenship may, except as otherwise provided by law, be brought only
in (1) a judicial district where any defendant resides if all defendants
reside in the same State, (2) a judicial district in which a substantial part
of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated, or
(3) a judicial district in which any defendant may be found, if there is no
district in which the action may otherwise be brought.

*Id.*

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper. *See* Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962); World Holdings, LLC v. Fed. Republic of Germany, 2009 WL 10664174, at *2 (S.D. Fla. May 22, 2009) (citing Davis v. Am. Soc'y of Civil Eng'rs, 290 F. Supp. 2d 116, 120 (D.D.C. 2003)). Nonetheless, as the federal venue statute provides, the court in its sound discretion may dismiss the case rather than transfer it.  *See, e.g.*, Brownsberger v. Nextera Energy, Inc., 436 F. App'x 953, (11th Cir. 2011); Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006).

In this case, Plaintiff includes no factual allegations in her complaint; instead, she simply claims that Defendant McKendrick violated several provisions of the Universal Declaration of Human Rights by engaging in dishonesty, defamation of character, witness tampering, "incitement to witness tamper," "conspiracy to witness tamper," "international peonage," international espionage, bribery, "incitement to

surreptitiously administer poison, chemicle [sic], enzyme, and/or substance," attempted grand larceny, and grand larceny (ECF No. 1 at 6).  Plaintiff seeks monetary damages in the amount of $500,000 (*id.*).

No connection between this case and the Northern District of Florida is evident from the four corners of the complaint.  Plaintiff resides in Baker County, Florida, which is located in the Middle District of Florida.  Defendant is located in Miami, which is located in the Southern District of Florida.  While it is unclear where the events giving rise to Plaintiff's claims occurred, there is no reason to believe that any part of the events occurred in the Northern District, nor does Plaintiff state that any property that may be the subject of this litigation is located here.  Therefore, venue is not properly laid in the Northern District.

Although it is generally preferable to transfer the case to a district where venue is proper, in this case there is no clear choice as to what district the case should be transferred.  The Southern District of Florida, where the sole Defendant resides, would be appropriate, but since the conduct of which Plaintiff complains likely may have occurred at the Baker County Jail, a transfer to the Middle District of Florida would be warranted.[1]  Given these circumstances, dismissal of this case without prejudice is

---

[1]  More fundamentally, the complaint may be subject to dismissal as frivolous, pursuant to 28 U.S.C. § 1915A.  Plaintiff asserts claims only under the Universal Declaration of Human Rights

the more efficacious option since it would allow Plaintiff to determine where to file the case if she so chooses.

Finally, the court notes that Plaintiff is a prolific litigant who has filed forty-eight (48) cases in the Northern District in the last three weeks, none of which are properly venued in the Northern District. The prolific nature of Plaintiff's complaint filing suggests that Plaintiff regularly files cases without much aforethought as to their legal bases, factual support, and proper venue. This underscores the court's finding that at present no proper venue for this case is evident—as Plaintiff herself did not appear to consider the matter of venue when she filed this case. It is hoped that this Report will cause Plaintiff to pause and reflect upon these matters should she consider filing lawsuits in the future.

---

("UDHR"), which is a declaration adopted by the United Nations following World War II. *See* Universal Declaration of Human Rights 1948, G.A. Res. 217A (III), U.N. Doc. A/180 at 71 (1948). The rights secured by the UDHR are not federal rights. *See* Sosa v. Alvarez–Machain, 542 U.S. 692, 734–35, 124 S. Ct. 2739, 159 L. Ed. 2d 719 (2004) ("[The UDHR] does not of its own force impose obligations as a matter of international law."); Moore v. McLaughlin, 569 F. App'x 656, 660 (11th Cir. 2014) (upholding dismissal of § 1983 action alleging violations of UDHR rights). Moreover, a private individual may not enforce rights under the UDHR. *See* Renkel v. United States, 456 F.3d 640, 643 (6th Cir. 2006) ("'[C]ourts presume that the rights created by an international treaty belong to a state and that a private individual cannot enforce them.'") (quoting United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001)); *see also* Konar v. Illinois, 327 F. App'x 638, 640 (7th Cir. 2009) (UDHR is "non-binding" and provides "no private rights of action."). While the court does not base dismissal on the complaint's legal or factual deficiencies, those deficiencies are part of what would cloud the court's determination of where to properly transfer the case.

Case No.: 3:18cv31/RV/EMT

Accordingly, it respectfully **RECOMMENDED**:

1.      That the complaint be **DISMISSED** without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a).

2.      That all pending motions be denied as moot.

At Pensacola, Florida, this 10<u>th</u> day of January 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**